**SO ORDERED.**

**SIGNED this 21 day of February, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

**CHRISTINE JOSEPHINE ROSZKOWSKI,**            **CASE NO. 12-06256-8-JRL**

    DEBTOR

**CHAPTER 7**

**CHRISTINE JOSEPHINE ROSZKOWSKI,**

    PLAINTIFF,

        v.

**ADVERSARY PROCEEDING
NO. 12-00274-8-JRL**

**CIMARRON HOMEOWNERS ASSOCIATION,
INC.; GAIL WIKEL, Community Manager;
TALIS MANAGEMENT GROUP, INC.**

    DEFENDANTS.

**ORDER**

This matter comes before the court on the defendants', Cimarron Homeowners Association, Inc., Gail Wikel, and Talis Management Group, Inc., motion to dismiss and motion for summary judgment. A hearing on the matter was held on February 19, 2013, in Raleigh, North Carolina.

On August 31, 2012, the plaintiff filed a voluntary petition under chapter 7 of the Bankruptcy

Code. Joseph Callaway (the "trustee") was appointed as trustee in the chapter 7 case on September 4, 2012. The plaintiff initiated this adversary proceeding on October 29, 2012, with the filing of a complaint titled, "Debtors' Complaint to Recover Property." The defendants answered the complaint on November 18, 2012 raising numerous affirmative defenses including failure to state a claim upon which relief can be granted and lack of standing due to the vesting of claims related to the estate in the chapter 7 trustee. On January 17, 2013, the defendants filed the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, again arguing that the plaintiff lacked standing to bring the claims. The defendants moved for summary judgment on January 19, 2013.

## MOTION TO DISMISS

**1.  Standard of Review**

A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a)(2). Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**2.  Discussion**

Subject to certain exceptions, upon the commencement of a bankruptcy case, all legal or equitable interests of the debtor in property becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). "Choses in action" which the debtor holds are property of the estate. Estate of McGahren v. Heck (In re Weiss), 111 F.3d 1159, 1166 (4th Cir. 1997). A chapter 7 debtor does not have

-2-

standing to pursue an action which is property of the estate that the trustee has not abandoned; the trustee alone has standing to sue. <u>Louden v. Federal Land Bank of Louisville (In re Louden)</u>, 106 B.R. 109, 111 (Bankr. E.D. Ky. 1989); <u>see</u> 11 U.S.C. § 323; Fed. R. Bankr. P. 6009.

      Here, the action brought by the plaintiff had not been abandoned by the trustee. To the contrary, the trustee has initiated an action alleging that the foreclosure action complained of by the plaintiff was a fraudulent conveyance. Nor were such interests exempt or otherwise excluded from the bankruptcy estate. Accordingly, only the trustee has the ability to bring such an action. As the plaintiff lacks standing, she is unable to show that she is entitled to relief and therefore is unable to state a claim upon which relief can be granted. The defendants' motion to dismiss is **ALLOWED**.

**END OF DOCUMENT**